**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 27th day of October, 2026.**

Robert D. Berger
United States Bankruptcy Judge

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

In re:

**MARK EUGENE PAUL, SR., and**
**REBA SIMONE PAUL,**

Case No. 26-20600
Chapter 13

Debtors.

---

**MARK EUGENE PAUL, SR., and,**
**REBA SIMONE PAUL,**

Adv. No. 26-06076

Plaintiffs,

v.

**CHERRY PARK PROPERTIES LLC,**

Defendant.

---

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs, who are represented by counsel in their main Chapter 13 bankruptcy case, filed this adversary proceeding *pro se*, seeking to exercise the Chapter 13 trustee's strong-arm power under 11 U.S.C. § 544 to avoid a lien on their property. They are now asking for a temporary restraining order and preliminary injunction preventing the defendant from foreclosing or taking any other action as to the property "regardless of any order granting relief from the automatic stay in the main case."[1]

> When addressing a motion for both a TRO and a preliminary injunction, the court applies the same preliminary injunction standard. Four factors must be satisfied by the movant to obtain injunctive relief: (1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction is in the public interest. *First Baptist Church v. Kelly*, 455 F. Supp. 3d 1078, 1084 (D. Kan. 2020). Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal. *Id.*, *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "In seeking such an injunction, the movant must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *Fish v. Kobach*, 840 F.3d 710, 723–24 (10th Cir. 2016) (citation and internal quotation marks omitted). However, where a movant fails to establish a likelihood of success on the merits, it is unnecessary to address the remaining requirements for a preliminary injunction. *Warner v. Gross*, 776 F.3d 721, 736 (10th Cir. 2015).

[1] ECF 4.

*Woolf v. Amazon.com Servs. LLC*, No. 26-2239-JWB, 2026 WL 2388819, at *3 (D. Kan. Aug. 17, 2026)

Here, Plaintiffs have not demonstrated a substantial likelihood of success on the merits because they have not demonstrated that they have standing to bring this suit in the first place. *Cf. Hansen v. Green Tree Servicing, LLC (In re Hansen)*, 332 B.R. 8, 16 (B.A.P. 10th Cir. 2005) (holding that Chapter 13 debtors lack statutory standing to exercise the trustee's avoidance powers under § 544). Nor have the debtors demonstrated any likelihood of irreparable injury if their motion is denied, because the automatic stay in their main bankruptcy case currently prevents the defendant from taking any action with respect to the property at issue. *Cf.* Case No. 26-20600, ECF 40 (continuing motion on defendant/creditor's stay-relief motion (ECF 22) to November 17, 2026, for tracking). For these reasons, the plaintiffs' motion for a temporary restraining order and preliminary injunction is hereby denied.

IT IS SO ORDERED.

###